# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1079-SLR |
| | ) | |
| SHUTTERFLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] RULE 16 SCHEDULING ORDER

At Wilmington this 15th day of March, 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by April 1, 2011 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2. [Shutterfly's Statement regarding Consolidation: Shutterfly proposes that this case be consolidated with Shutterfly's case (*Shutterfly, Inc. v. Eastman Kodak Company and Kodak Imaging Network*, Inc., 1:11-cv-00099-SLR).[1] Both cases turn in large part on allegations relating to each party's photo services and related technologies, and, as a result, there will likely be substantial overlap of fact and expert witnesses. At this stage, there is no reason to believe that a consolidated case would be unwieldy, and any such issues can be addressed if and when they emerge. Finally, this case was provoked by Kodak's filing its offensive case. Shutterfly quickly filed its case in California, and

---

[1] Shutterfly proposes limits on interrogatories, requests for admission and depositions that assume consolidation, but in the event consolidation is not granted, Shutterfly has proposed alternative limits.

then dismissed that case and re-filed it here, achieving efficiency by combining the parties' cases in one forum such that they could be addressed together.] [Kodak's Statement regarding Consolidation: Kodak does not agree that this case should be consolidated with Shutterfly's case against Kodak because they are simply not similar enough to warrant consolidation. These cases involve different patents, different accused products, different technologies, and witnesses. Consolidation would put twelve patents and these disparate and numerous issues before a single jury, which would be unwieldy, rather than efficient. Shutterfly's own conduct prior to this joint statement indicates it too considers these to be two separate cases. Initially, rather than bringing its claims against Kodak as counterclaims in this case, Shutterfly filed its case in the Northern District of California, Shutterfly's home forum. Presumably dissatisfied with the judicial assignment, Shutterfly subsequently dismissed its California complaint, and refiled its claims in this Court, but again as a separate action and not as counterclaims to this action. Shutterfly was correct; its case should remain separate. To the extent there is any overlapping discovery in the cases, of which Kodak believes there will be little, the parties agree that such discovery can be used in both cases.]

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. Shutterfly proposes that the issues of laches and equitable estoppel also be bifurcated for the purposes of discovery and trial so that discovery and trial regarding those issues takes place first. Kodak opposes such further bifurcation, indeed trifurcation, of issues. The issues of laches and equitable estoppel should be tried as usual in either the liability or damages phase of this case.

(b) Discovery will be needed on the following subjects: each party's claims including infringement, and validity, and asserted defenses, including but not limited to noninfringement, invalidity, laches, inequitable conduct and equitable estoppel.

(c) All fact discovery shall be commenced in time to be completed by [Kodak: October 20, 2011; Shutterfly: December 15, 2011].

(1) Maximum of [Kodak: 30; Shutterfly: 60 if the cases are consolidated and 30 if not] interrogatories by each party to any other party.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of [Kodak: 100; Shutterfly 100 if the cases are consolidated and 50 if not] requests for admission by each party to any other party. [Shutterfly: Requests for admission regarding authentication of documents shall not count against the foregoing limit.]

(4) [consider negotiating separately] Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before [Kodak: July 21, 2011; Shutterfly: August 15, 2011]. In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery relating to allegedly infringing products shall be limited to a term of six (6) years, but discovery relating to invalidity and equitable issues such as laches shall not be so limited (iii) on or before [Kodak: June 16, 2011; Shutterfly: July, 15, 2011], each party

may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

(5) Maximum of [Kodak: 120; Shutterfly 220 if the cases are consolidated and 120 if not] hours by plaintiff and [Kodak: 120; Shutterfly 220 if the cases are consolidated and 120 if not] hours by defendant for fact depositions, including third party and Fed. R. Civ. P. 30(b)(6) depositions, unless extended by agreement of parties or ordered by the Court for good cause shown. Expert depositions shall not be counted against the maximum.

(d) Expert discovery shall be commenced in time to be completed by [Kodak: February 2, 2012; Shutterfly July 1, 2012].

(1) Expert reports on issues for which the parties have the burden of proof due [Kodak: November 17, 2011; Shutterfly: April 15, 2012]. Rebuttal expert reports due [Kodak: December 16, 2011; Shutterfly: May 15, 2012]. Supplemental reports (for, e.g., secondary considerations of obviousness) due [Kodak: January 12, 2012; Shutterfly: June 1, 2012.]

(2) Expert depositions to be limited to a maximum of 7 hours on the record per expert unless extended by agreement of the parties or ordered by the Court for good cause shown.

(3) All Daubert motions shall be filed on or before [Kodak: March 1, 2012; Shutterfly: August 1, 2012.].

(e) Supplementations under Rule 26(e) due [Kodak: February 9, 2012; Shutterfly: July 10, 2012].

(f) **Discovery Disputes.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[2] to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery (by [Kodak: March 2, 2012; Shutterfly: August 1, 2012]), each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list (by [Kodak: April 2, 2012; Shutterfly: September 1, 2012]), each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses (by [Kodak: May 2, 2012; October 1, 2012]) and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before [Kodak: August 18, 2011; Shutterfly: November 1, 2011].

---

[2] The court may also refer discovery disputes to a Special Master.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on [Kodak: August 18, 2011; Shutterfly: March 1, 2012]. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on [Kodak: September 22, 2011; Shutterfly: April 2, 2012], with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before [Kodak: March 1, 2012; September 24, 2012]. Defendant shall serve and file its answering claim construction brief on or before [Kodak: March 19, 2012; November 15, 2012]. Plaintiff shall serve and file its reply brief on or before [Kodak: March 29, 2012; December 3, 2012.] Defendant shall serve and file its surreply brief on or before [Kodak: April 9, 2012; Shutterfly: December 17, 2012.]

---

[3] The court may also refer ADR to a Special Master.

7. **Summary Judgment Motions**

(a) All summary judgment motions shall be served and filed on or before [Kodak: March 19, 2012; Shutterfly: December 17, 2012]. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on issues including infringement, invalidity, laches, equitable estoppel and inequitable conduct shall be served and filed on or before [Kodak: March 1, 2012; Shutterfly: September 24, 2012].

(c) Opening briefs or combined opening-answering briefs on issues including noninfringement, and validity shall be served and filed on or before [Kodak: March 19, 2012; Shutterfly: November 15, 2012.]

(d) [Kodak:] Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2. [Shutterfly: Answering briefs responsive to the second round of opening briefs and reply briefs responsive to the first round of opening briefs shall be filed by December 3, 2012.]

(e) Where cross-motions are presented, a surreply brief [Shutterfly: (reply to the second round of opening briefs)] will be permitted, to be filed [Kodak]: 7 days from the filing of the reply brief [Shutterfly]: by December 17].

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on [Kodak: May __, 2012 at _____; Shutterfly: January 20, 2013.]

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on [Kodak: August __, 2012 at ____; Shutterfly: April __, 2013 at __] in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a [Kodak: ten; Shutterfly: 15 if the cases are consolidated and 10 if not] day jury trial commencing on [Kodak: August __, 2012, at ____; Shutterfly: April __, 2013 at __] in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Dated: _____, 2011

_____
United States District Judge

1004774