## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 10-1079-SLR |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SHUTTERFLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SHUTTERFLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 11-099-SLR |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, and | ) | JURY TRIAL DEMANDED |
| KODAK IMAGING NETWORK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### RULE 16 SCHEDULING ORDER

At Wilmington this _____ day of April, 2011, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b), IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.** The parties will exchange by **April 14, 2011** the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.      **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of

discovery and trial, unless good cause is shown otherwise.

(b)  Discovery will be needed on the following subjects: each party's claims including infringement, and validity, and asserted defenses, including but not limited to noninfringement, invalidity, laches, inequitable conduct and equitable estoppel.

(c)  All fact discovery shall be commenced in time to be completed by **December 15, 2011**.

(1)  Maximum of 60 interrogatories per side, i.e. Kodak is allowed 60 interrogatories and Shutterfly is allowed 60.

(2)  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3)  Maximum of 100 requests for admission per side, i.e. Kodak is allowed 100 requests for admissions and Shutterfly is allowed 100 requests for admissions. Requests for admission regarding authentication of documents shall not count against the foregoing limit.

(4)  Discovery of paper and electronic documents (hereafter, "e-discovery") shall be negotiated by the parties separately.

(5)  Maximum of 220 hours by Kodak and 220 hours by Shutterfly for fact depositions, including third party and Fed. R. Civ. P. 30(b)(6) depositions, unless extended by agreement of parties or ordered by the Court for good cause shown.  Expert depositions shall not be counted against the maximum.

(d)  Expert discovery shall be commenced in time to be completed by **June 15, 2012**.

(1)  Expert reports on issues for which the parties have the burden of proof due **March 15, 2012**.  Rebuttal expert reports due **April 16, 2012**.  Supplemental reports (for, e.g., secondary considerations of obviousness) due **May 15, 2012**.

(2)  Expert depositions to be limited to a maximum of 7 hours on the record per expert unless extended by agreement of the parties or ordered by the Court for good cause shown.

(3)  All Daubert motions shall be filed on or before **July 16, 2012**.

(e)  Supplementations under Rule 26(e) due **June 15, 2012**.

(f)  **Discovery Disputes.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g)  **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery (by **July 16, 2012**), each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list (**by August 16, 2012**), each party shall serve a list of

---

[1] The court may also refer discovery disputes to a Special Master.

each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose

any such fact witnesses who have not previously been deposed in this case. Such deposition shall

be held within one (1) month after service of the list of rebuttal fact witnesses (by **September 17,**

**2012**) and shall be limited to twenty (20) hours per side in the aggregate unless extended by

agreement of the parties or upon order of the court upon good cause shown.

       3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join

other parties and amend the pleadings shall be filed on or before **October 12, 2011.**

      4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a

Magistrate Judge[2] for the purposes of exploring ADR.

      5. **Claim Construction Issue Identification**: If the court does not find that an earlier

claim construction would be helpful in resolving this case, the parties shall exchange lists of

those claim terms that they believe need construction and their proposed claim construction of

those terms on **January 17, 2012**. This document will not be filed with the court. Subsequent to

exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction

Statement to be submitted pursuant to paragraph 6 below.

      6. **Claim Construction**: Lawyers must identify, during the claim construction phase of

the case, any claim language that will have a meaning to a person of ordinary skill in the art that

differs from the ordinary meaning. Any language not so identified will be construed according

to its ordinary dictionary meaning.

      The parties shall agree upon and file the Joint Claim Construction Statement on **March 1,**

**2012**, with the claim chart separately docketed. Plaintiffs shall serve and file their opening briefs

on claim construction on or before **June 22, 2012**. Defendants shall serve and file their

---

[2] The court may also refer ADR to a Special Master.

answering claim construction briefs on or before **August 10, 2012**.  Plaintiffs shall serve and file

their reply briefs on or before **August 31, 2012**.  Defendants shall serve and file their surreply

briefs on or before **September 14, 2012**.

      7.  **Summary Judgment Motions, Status Conference, and Hearings.**

      (a)  All summary judgment motions shall be served and filed on or before

**September 24, 2012**.  No summary  judgment motion may be filed more than ten (10) days from

the above date without leave of the court.

      (b)  Opening briefs on infringement and invalidity shall be served and filed

on or before **September 24, 2012**.

      (c)  Opening briefs or combined opening-answering briefs on noninfringement and

validity shall be served and filed on or before **November 2, 2012**.

      (d)  Where cross-motions are not presented, answering and reply briefs shall be due as

calculated as calculated from the filing of any opening brief as per LR 7.1.2.

      (e)  Where cross-motions are presented, a surreply brief will be permitted, to be served

and filed 7 days from the filing of the reply brief.

      (f) The following dates are reserved for hearings on the claim construction and motions

for summary judgment: **January 4, 2013 at 9:30 a.m.** and **January 11, 2013 at 9:30 a.m.**

      (g) A status conference concerning the summary judgment, claim construction and trial

schedule will be held on **June 20, 2012 at 4:30 p.m.**

      8.  **Applications by Motion.**  Any application to the court shall be by written motion

filed with the clerk.  **The court will not consider applications and requests submitted by**

**letter or in a form other than a motion**, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **March 21, 2013 at 3 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial 1.** This matter is scheduled for a two-week-maximum jury trial commencing on **April 8, 2013** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

**Trial 2.** This matter is scheduled for a two-week-maximum jury trial commencing on **May 13, 2013** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

The order in which the cases will be tried shall be determined by the Court at a later date.

_____
United States District Judge

1010718